IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JONATHAN E J SPARKS,
No. S-10787,
    Petitioner,

vs.                                                          Case No. 17–cv–00081-DRH

JOHN BALDWIN and
JASON GARNETT,

    Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### Introduction

Petitioner Jonathan E J Sparks, an inmate in the custody of the Illinois Department of Corrections and currently housed at Big Muddy River Correctional Center, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his continued confinement. Petitioner contends that because he is a convicted sex offender who is unable to find suitable housing, the Illinois Department of Corrections ("IDOC") is holding him past his release date and intends to hold him for an indefinite period. Petitioner is seeking immediate and unconditional release from incarceration. (Doc. 1, p. 8). Alternatively, Petitioner seeks immediate and conditional release from custody.

This matter is now before the Court for a preliminary review of the § 2254 Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States

District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the Petition in the present case, the Court concludes that the § 2254 petition warrants further review.

## **Turnaround Policy**

Plaintiff's allegations indicate that, after serving his sentence, Plaintiff was "paroled" on paper and "returned" to prison because he lacked approved housing. This process has come to be known as the "turnaround" or "violating at the door" practice.[1] A recent decision from the Southern District of Illinois provided the following overview of the turnaround practice:

> In a nutshell, the Illinois Prisoner Review Board ("PRB") is responsible for determining whether a prisoner has served a sufficient portion of his sentence to be released on parole/mandatory supervised release, and if so, it can order his release. The PRB also sets the conditions for parole and determines whether parole should be revoked if a condition is violated. The IDOC, which is an agency independent from the PRB, retains custody of parolees and supervises them during their parole term. Before IDOC may release an inmate on parole, it must determine whether an individual parolee is in compliance with all conditions of his supervised release. These conditions include being housed in a proper and approved residence. The Code directs that a parolee shall not be released until suitable housing arrangements have been made. Sex offenders face many

---

[1] Challenges to the turnaround practice have been raised in numerous Illinois and federal cases. See *Armato v. Grounds*, 944 F.Supp.2d 627 (C.D. Ill. 2013); *Murdock v. Walker*, No. 08 C 1142, 2014 WL 916992 (N.D. Ill. Mar. 10, 2014); *Parker v. Roeckman*, No. 3:13–CV–206–DRH–DGW, 2013 WL 6511486 (S.D. Ill. Oct. 8, 2013); *Webb v. Robert*, No. 13 –CV–00671–MJR, 2013 WL 6698081 (S.D. Ill. Aug. 16, 2013); *Hughes v. Walker*, No. 08–1317, 2009 WL 2877081 (C.D. Ill. Sept. 4, 2009); *United States ex rel. Neville v. Ryker*, No. 08 C 4458, 2009 WL 230524 (N.D. Ill. Jan. 30, 2009); *Cordrey v. Prisoner Review Bd.*, 386 Ill. Dec. 660 (2014); *Lucas v. Department of Corrections*, 359 Ill. Dec. 802 (Ill. App. 4th 2012).

> statutory restrictions on where they may reside, such as the home's proximity to schools, parks, day care centers, and other known sex offenders. Numerous sex offenders who are otherwise eligible for parole…have been and are continuing to be held in prison by IDOC officials because they lacked an approved residence, and thus could not comply with the conditions of their parole. This has become known as the "turnaround practice"—an inmate is technically "paroled," but is turned around at the prison gate and returned to custody because he cannot be released without a parole site.

*Crayton v. Duncan*, 2015 WL 2207191, at *4 (S.D. Ill. May 8, 2015) (J. Rosenstengel) (internal quotations and citations removed).

In 2008, a group of convicted sexual offenders brought a class action pursuant to 28 U.S.C. § 1983 challenging the turnaround practice. *Murdock, et al. v. Walker*, et al., No.08–cv–01141 (N.D Ill. originally filed Feb. 25, 2008). The plaintiffs alleged the practice violated the due process and equal protection clauses of the Fourteenth Amendment. After certifying the class and upon consideration of the defendants' motion for summary judgment, the *Murdock* court characterized the turnaround practice as a "Kafkaesque loop," but concluded the plaintiffs were caught in a system that required intervention from the Illinois legislature as opposed to from a court. *Id.* at *4, *15. Ultimately, the court granted summary judgment in favor of the defendants on all of the plaintiffs' § 1983 claims.

### Background

The Petition is lacking in detail regarding the specifics of Petitioner's underlying conviction and sentence (and the Court's independent research provided little additional information). However, the Court was able to discern

the following: Petitioner was convicted of criminal sexual assault in Jersey County, Illinois in 2010 (Case No. 10-cf-46). It appears that Petitioner was sentenced to a term of 3 years' incarceration (this is an approximation based on Petitioner's allegations and the exhibits attached to his Petition), followed by mandatory supervised release ("MSR") for a term of three years to life. According to Petitioner, the Prison Review Board first revoked his parole, without a hearing and pursuant to the turnaround policy in September 2013. Since then, Petitioner has been automatically revoked on six occasions (3/18/2014, 9/16/2014/ 3/17/2015, 9/15/2015, and 9/14/2016). Presumably, unless the Petitioner is able to obtain approved housing, these revocations will continue indefinitely.

Petitioner has filed grievances with the Administrative Review Board regarding his continued incarceration. However, Petitioner has not sought review with the Illinois state court at any level. Petitioner explains his failure to seek a state court remedy as follows: "The ARB is the highest internal reviewing process for the IDOC, and I cannot exhaust State judicial remedies concerning MSR, because the State of Illinois provides no judicial review." (Doc. 1, p. 3).

## Analysis

Petitioner raises substantive and procedural due process claims under the Fourteenth Amendment, an equal protection claim under the Fourteenth Amendment, and a claim for cruel and unusual punishment under the Eighth Amendment. Petitioner readily admits that he has not pursued any state *court*

remedies prior to filing the instant § 2254 Petition.[2] However, Petitioner contends state court remedies are unavailable to inmates in his position. Although the Court has considerable doubts with regard to this claim, further review of the petition is necessary.[3] For this reason, Respondent will be ordered to answer the Petition or otherwise file a responsive pleading.

This Order should not be construed as a decision regarding the merits of any of the counts asserted in the Petition. In addition, the Order does not preclude the State from making whatever argument it wishes to present, be it waiver, exhaustion, forfeiture, timeliness, etc.

## Dismissal of IDOC Director

For habeas petitions challenging present custody, the proper respondent is the "person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885)). "[T]here is generally only one proper respondent" and "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Id*. at 434–35. Consistent with *Rumsfeld v. Padilla*, Rule 2(a) of the Rules Governing Section 2254 Cases requires that "[i]f the petitioner is currently in

---

[2] In order to exhaust his state remedies, a petitioner must fully and fairly present his constitutional claims through one full round of state court review before filing a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). For a petitioner who was convicted in Illinois state court, this means "the petitioner must have presented each claim in the habeas petition to the Illinois Appellate Court and to the Illinois Supreme Court in a petition for discretionary review." *Smith v. McKee,* 598 F.3d 374, 382 (7th Cir. 2010) (citing *Boerckel,* 526 U.S. at 844–45).

[3] Under 28 U.S.C. § 2254, an exception to the exhaustion requirement may be made where circumstances exist that render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b)(1)(B)(ii).

custody under a state-court judgment, the petition must name as respondent the state officer who has custody."

Petitioner is in custody at the Big Muddy River Correctional Facility, so the proper respondent to this action is that facility's warden, currently Jason Garnett. Accordingly, John Baldwin, the IDOC director, shall be dismissed from this action without prejudice.

## Pending Motions

Petitioner's Motion for Recruitment of Counsel (Doc. 3) shall be **REFERRED** to United States Magistrate Judge **CLIFFORD J. PROUD** for a decision.

The Clerk is **DIRECTED** to terminate **JOHN BALDWIN** as a party in CM/ECF.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 shall proceed past preliminary screening.

**IT IS FURTHER ORDERED** that Respondent shall answer the Petition within thirty days of the date this Order is entered. This Order to respond does not preclude the State from making whatever waiver, exhaustion, or timeliness arguments it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois shall constitute sufficient service.

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that the Motion to Appoint Counsel (Doc. 3) is **REFERRED** to Magistrate Judge Clifford J. Proud for consideration.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all parties consent to such a referral.

Petitioner is **ADVISED** of his continuing obligations to keep the Clerk (and Respondent) informed of any change in his whereabouts during this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:** May 10, 2017

Digitally signed by Judge David R. Herndon
Date: 2017.05.10 13:05:43 -05'00'

**David R. Herndon**
**U.S. District Judge**