IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JONATHAN E. J. SPARKS,

        Petitioner,

vs.                                    Civil No. 17-cv-081-DRH-CJP

DANIEL Q. SULLIVAN,

        Respondent.

## MEMORANDUM and ORDER

HERNDON, District Judge:

Jonathan E. J. Sparks is an inmate in the custody of the Illinois Department of Corrections. He filed a petition for habeas relief pursuant to §2254, Doc. 1.[1] As construed on preliminary review, the petition alleges that Sparks has served his prison sentence, but he has not been released to serve his mandatory supervised release because, as a sex offender, he is required to reside at an approved residence and he cannot locate one. The petition alleges that the repeated revocation of his supervised release and his continued incarceration violate his federal constitutional rights. See, Doc. 7.

Now before the Court is respondent's Motion to Dismiss Habeas Corpus Petition, Doc. 16. Respondent argues that the petition must be dismissed because petitioner failed to exhaust state judicial remedies. Petitioner has not responded to the motion.

---

[1] Sparks used a form for a petition under 28 U.S.C. § 2241. He was convicted in state court and is challenging his state custody. Therefore, the Court construed this as an action under 28 U.S.C. § 2254. See, Doc. 7.

1

## Relevant Facts and Procedural History

In July 2010, Sparks pleaded guilty to one count of criminal sexual assault in Jersey County, Illinois, and was sentenced to four years imprisonment to be followed by a term of mandatory supervised release (MSR) of three years to life. Doc. 16, Ex. 2, pp. 1-7.[2]

In July 2013, petitioner was "released" on MSR and immediately found to be in violation of the terms of his release because he did not have acceptable housing.[3] This process was repeated in 2015 and in 2017. Ex. 2, pp. 8-16.

Sparks did not file a state court challenge to his continued custody and claims that "the State of Illinois provides no judicial review." Doc. 1, p. 3.

## Applicable Legal Standards

Although Sparks used a form for a petition under 28 U.S.C. § 2241, it is clear that his petition must be construed as being brought under 28 U.S.C. § 2254. He was convicted in state court and is challenging his custody pursuant to that state court judgment. Therefore, the Court properly construed this as an action under 28 U.S.C. § 2254. See, *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000), holding that the requirements of § 2254 apply to a petition filed by a person in custody pursuant to a state court judgment challenging his custody "no matter what statutory label the prisoner has given the case."

This habeas petition is subject to the provisions of the Antiterrorism and

---

[2] The Court uses the document, page and exhibit numbers assigned by the CM/ECF system.
[3] This practice is referred to as "violating at the door" and has been described as an "ongoing practice" in the Illinois prison system. *Cordrey v. Prisoner Review Board*, 39, 21 N.E.3d 423, 432 (Ill. 2014).

Effective Death Penalty Act, known as the AEDPA. "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 122 S.Ct. 1843, 1849 (2002).

28 U.S.C. § 2254(d) restricts habeas relief to cases wherein the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C.A. § 2254(b)(1) requires that state judicial remedies be exhausted before a federal court can grant habeas relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The exhaustion requirement means that, before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts."

3

*O'Sullivan v. Boerckel*, 119 S.Ct. 1728, 1732 (1999); see also 28 U.S.C. §2254(c). Under the Illinois two-tiered appeals process, petitioners must fully present their claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in cases such as this one. *Id.* at 1732-1733.

## **Analysis**

Ignoring the fact that the petition has been properly construed as stating a claim under § 2254, respondent argues that petitioner failed to comply with the common law exhaustion requirement applicable to § 2241 petitions. In fact, the statutory requirement of exhaustion of state judicial remedies set forth in § 2254(b)(1) applies here. However, the substance of respondent's argument is correct; Sparks was required to present his federal constitutional claims for one full round of state court review, and has not done so.

Petitioner has not responded to the motion to dismiss. He was informed of the consequences of failing to do in Doc. 18.

Petitioner admits in his petition that he has not pursued, much less exhausted, state judicial remedies. He claims that there are no judicial remedies available to him, but this is incorrect. He can file a mandamus action to compel the IDOC to comply with state and federal law. See *Johnson v. McGinnis*, 734 F.2d 1193, 1199-1200 (7th Cir. 1984) (collecting Illinois cases); *Cordrey v. Prisoner Review Board*, 21 N.E.3d 423 (Ill. 2014) and *Neville v. Walker*, 878 N.E.2d 831 (Ill.App.Ct. 2007) (reviewing denial of inmate's mandamus action

4

challenging the IDOC's refusal to release him to MSR); *Armato v. Grounds*, 944 F.Supp.2d 627, 635 (C.D.Ill. 2013) (suggesting that state habeas corpus and a claim of false imprisonment are other possible available remedies).

Because petitioner has not exhausted state judicial remedies, this action must be dismissed without prejudice. See, *Gacho v. Butler*, 792 F.3d 732, 735 (7th Cir. 2015). After exhausting state judicial remedies, petitioner can file another § 2254 petition.

## Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

In order for a certificate of appealability to issue, petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." See, *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000). Where a petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show *both* that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel, Ibid.*

Here, no reasonable jurist would find it debatable whether this Court's ruling on failure to exhaust state judicial remedies was correct. Accordingly, the Court denies a certificate of appealability.

## Conclusion

This cause of action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state judicial remedies.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Digitally signed by Judge David R. Herndon
Date: 2017.11.16 16:22:41 -06'00'

**United States District Judge**

## Notice

If petitioner wishes to appeal the dismissal or denial of his petition, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

A certificate of appealability is required to appeal from the dismissal or denial of a §2254 petition. Rule 11 of the Rules Governing §2254 Cases requires that, when entering a final order adverse to the petitioner, the district court must issue or deny a certificate of appealability. Here, the Court has denied a certificate. In order to appeal the dismissal or denial of his petition, petitioner must obtain a certificate of appealability from the court of appeals.

Petitioner cannot appeal from this Court's denial of a certificate of appealability. Further, a motion to reconsider the denial does not extend the time for appeal. See, Rule 11(a).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the thirty day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.